UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| Edward E. Hesterberg, and ) | Chapter 13 |
| Lois L. Hesterberg, ) | No. 10-91440 |
| ) | |
| Debtors. ) | |

**Debtors' Memorandum of Law in Response to Trustee's Brief Regarding Confirmation of the Debtors' Chapter 13 Plan**

For a chapter 13 bankruptcy plan to be confirmed, the plan must be proposed in good faith and not by any means forbidden by law. 11 U.S.C. 1325(a)(3). If the Trustee or the holder of an allowed unsecured claim objects to confirmation, the Plan must provide for either full payment of such unsecured claims, or that all the debtor's projected disposable income during the life of the plan will be applied to make plan payments. 11 U.S.C. 1325(b)(1). The Trustee objects to the debtors' plan, insisting that the Plan is not filed in good faith and does not provide for the disbursement of the debtors' entire projected disposable income because the debtors did not include Social Security benefits in the Plan payment. The Trustee's assertions are incorrect, because Social Security is properly not included in the disposable income calculation. Furthermore, the plan was proposed in good faith because it includes the income required by Congress to be included for distribution. For these reasons, this Court should deny the Trustee's objection to confirmation.

**Statement of Facts**

The debtors filed their Chapter 13 petition on July 13, 2010. The remaining schedules, Statement of Financial Affairs, Statement of Current Monthly Income and Plan were filed on August 10, 2010. The debtors filed an amended Plan on September 17, 2010 and filed an amended Statement of Current Monthly Income on November 22, 2010.

The debtors' amended form B22C indicates their disposable monthly income is $223.23. Form B22C excludes benefits receivable under the Social Security Act, which the Trustee does not dispute. (Trustee's Brief at n.8). The Trustee asserts that the debtors "must provide for a 60 months Plan of payments reflecting their disposable income." (Id.). The disposable income

indicated on amended Form B22C is $223.23, not the $882.28 stated by the Trustee.  Also, Form B22C, line 47(c) was amended to reflect an average monthly payment on the 2004 Buick LeSabre of $10.67.   Amended Schedules I and J, which will address the Buick LeSabre's now paid-off status, are awaiting the debtors' signatures and will soon be filed.  The debtors amended Plan provides for payments of $100.00 for two months and $300.00 for the remaining 58 months, and $300.00 is in excess of the disposable income indicated on Form B22C.

I.     **Social Security benefits are not properly counted as "disposable income" or "projected disposable income**"

Social Security benefits are not properly considered as disposable income.  The Bankruptcy Code explicitly excludes such benefits from the disposable income calculation.  Moreover, Congress expressly provided that Social Security benefits are not subject to the operation of any bankruptcy law – meaning such benefits cannot be subject to a forced inclusion and distribution to creditors.  Finally, Congressional intent reveals that Social Security benefits are sacrosanct unless Congress provides otherwise.  The Trustee's objection to confirmation must be overruled by this Court.

The Bankruptcy Code's meaning is derived primarily from its plain language.  *Patterson v. Shumate*, 112 S. Ct. 2242, 2246 (1992).  When interpreting statutes, courts first look to the language of the statute and assume that its plain meaning "accurately expresses the legislative purpose." *Park 'N Fly v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1980).  Furthermore, "a word is presumed to have the same meaning in all subsections of the same statute." *Morrison-Knudsen Constr. Co. V. Director*, 461 U.S. 624, 633 (1983).

First, the Bankruptcy Code's plain language excludes Social Security benefits from a debtor's required payments in a Chapter 13 Plan.  Section 101(10A) defines the term "current monthly income" and explicitly excludes benefits receivable under the Social Security Act.  11 U.S.C. 101(10A)(B).  Section 1325(b)(2) defines "disposable income" as "*current monthly income* received by the debtor less amounts reasonably necessary to be expended . . ." 11 U.S.C. 1325(b)(2) (emphasis added).  A plain reading of section 1325(b)(2) indicates that disposable income incorporates the definition of "current monthly income." *See In re Walker*, No. 07-70358, 2010 Bankr. LEXIS 3618, at *23, *25 (Bankr. C.D. Ill. Oct. 21, 2010); *In re Thompson*, 439 B.R.

140 (B.A.P. 8th Cir. 2010). Logically, then, it follows that disposable income does not include Social Security income, just as current monthly income does not include Social Security income. The debtors' failure to allocate their entire Social Security benefits to the plan is not contrary to Section 1325(b)(1)'s mandate, because Social Security benefits are not properly counted as "current monthly income" or "disposable income."

**II. The Social Security Act bars the application of the Bankruptcy Code to benefits receivable under that Act.**

Next, the debtors' Social Security benefits should not be considered disposable income and should not be considered in this Chapter 13 payment plan, because the proceeds are not subject to distribution under bankruptcy law.

The Social Security Act provides:

(a) The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, *or to the operation of any bankruptcy or insolvency law*.

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. §407 (2010) (emphasis added).

Enacted in and unchanged since 1935, §407(a) of the Social Security Act unequivocally excludes Social Security payments from legal collection processes, including those arising under the Bankruptcy Code. However, in 1983, Congress added subsection (b) to that provision because of concerns that bankruptcy courts were considering Social Security benefits as income in chapter 13 bankruptcies. *See Carpenter v. Ries*, 614 F.3d 930, 935 (8th Cir. 2010)[1]. Subsection (b) provides that the prohibitions of §407 cannot be altered, except by a direct and

---

[1] *Also see* H.R. Rep. 98-25(I), at 83 (1983), reprinted in 1983 U.S.C.C.A.N. 219, 302 ("Based on the legislative history of the Bankruptcy Reform Act of 1978, some bankruptcy courts have considered social security and SSI benefits listed by the debtor to be income for purpose of a Chapter XIII bankruptcy . . . . Your committee's bill specifically provides that social security and SSI benefits may not be assigned notwithstanding any other provisions of law, including . . . the 'Bankruptcy Reform Act of 1978.'"); H.R. Conf. Rep. 98-47, at 153 (1983), reprinted in 1983 U.S.C.C.A.N. 404, 443 (same).

explicit reference to that section of the Social Security Act. 42 U.S.C. 407(b).

The Bankruptcy Code makes no reference to §407 of the Social Security Act. *Carpenter*, 614 F.3d at 934. If Congress truly intended Social Security benefits to be considered "disposable income," and thereby subject to forced inclusion in a chapter 13 plan, Congress could easily have inserted the necessary language to effectuate that intent when it significantly amended the Code in 1984, 1986, 1994, and 2005. Time after time, Congress failed to do so. In stark contrast, Congress enacted the Debt Collection Improvement Act in 1996, which amended the Debt Collection Act in various ways. Notably, that amendment provided that "notwithstanding any other provision of law (including . . . 42 U.S.C. 407)" payments due to individuals under the Social Security Act are subject to offset under that section of the Debt Collection Act. 31 U.S.C. section 3716(c)(3)(A)(i); *Lockhart v. U.S.*, 546 U.S. 142, 144-45 (2005). Thus, Congress knows how to subject Social Security benefits to collections, as evidenced by the amendments to the Debt Collection Act and by enactment of subsection (c) to §407 of the Social Security Act (making such benefits subject to collection for tax liability). The Trustee has not identified any such Bankruptcy Code reference to §407 of the Social Security Act because there is none.

Provisions such as §407 should be construed liberally, in order to protect funds granted by Congress. *Porter v. Aetna Casualty Co.*, 370 U.S. 159, 162 (1962). In addition, §407 of the Social Security Act "speaks throughout in terms of the rights of Social Security recipients . . . and the protection of their benefits from the reach of creditors." *Rowan v. Morgan*, 747 F.2d 1052, 1055 (6th Cir. 1984) (quoting *Neavear v. Schweiker*, 674 F.2d 1201, 1205 (7th Cir. 1982)). Congress further enacted legislation to protect these benefits by adding Code section 101(10A) to explicitly exclude these benefits from the definition of "current monthly income." Congress plainly decided to exclude Social Security benefits from the payment of unsecured claims, even through bankruptcy. *See, e.g. In re Frazier*, 116 B.R. 675 (Bankr. W.D. Wisc. 1990); *In re Buren*, 725 F.2d 1080 (6th Cir. 1984). For these reasons, this court should honor the intent of Congress and deny the Trustee's objection.

**III.    The cases relied upon by the Trustee are distinguishable or are no longer valid interpretations of the law.**

The Trustee relies on *Lanning* for the proposition that before the 2005 Code amendments, Social Security income was considered part of projected disposable income and that Congress did not intend a departure from that practice. (Trustee's Brief at n.18 ). The same argument has been raised in and rejected by other courts, and should similarly be rejected by this Court. *See, e.g., Carpenter v. Ries*, 614 F.3d 930 (8th Cir. 2010); *In re Thompson*, 439 B.R. 140 (B.A.P. 8th Cir. 2010); *In re Bartelini*, 434 B.R. 285 (Bankr. N.D.N.Y. 2010)*; In re Welsh*, No. 10-61285-13, 2010 Bankr. LEXIS 4095 (Bankr. D. Mont. Nov. 16, 2010); *In re Kibbe*, 361 B.R. 302 (B.A.P. 1st Cir. 2007). The Trustee blatantly ignores Congress' repeated enactment of legislation specifically designed to protect Social Security benefits from the reach of creditors and bankruptcy law. In addition, Congress' addition of §101(10A) to the Code, expressly excluding Social Security benefits from "current monthly income," indicates Congress' intent to depart from prior bankruptcy practice to the extent that prior courts included Social Security as disposable income.

The exact question of whether Social Security proceeds must be counted in disposable income, as defined by the current Code, was not before the *Lanning* court. Rather, *Lanning* focused on whether projected disposable income must be calculated by a purely mathematical approach or by a forward-looking approach, which takes into account changes in the debtor's circumstances. The Supreme Court in *Lanning* stated that "'disposable income' is now defined as 'current monthly income received by the debtor' less 'amounts reasonably necessary to be expended' for the debtor's maintenance and support. . . . "'Current monthly income,' in turn, is calculated by averaging the debtor's monthly income" [over the six months before filing]. *Lanning*, 130 S. Ct. at 2469-70. The debtors in the present case have interpreted the Code in the same manner as the Supreme Court. The only difference is that the Supreme Court did not have the Social Security question before it. By looking at the definition of "current monthly income," it is clear that Social Security proceeds are excluded from that definition. The red herring presented by the Trustee, in the form of reliance on the *Lanning* decision, does not alter what Congress has enacted in the Bankruptcy Code and elsewhere. *Lanning*'s holding was "when a bankruptcy court calculates a debtor's projected disposable income, the court may account for *changes* in the debtor's income or expenses that are known or virtually known at the time of confirmation." *Lanning*, 130 S. Ct. at 2478 (emphasis added). The *Lanning* decision is not

dispositive of the issue before this Court.

The Trustee cites the case of *In re Schnabel*, 153 B.R. 809 (Bankr. N.D. Ill. 1993) as stating that exempt Social Security benefits *are* disposable income. In short, the Trustee argues that the 2005 Bankruptcy Code amendments did not change the definition of "projected disposable income," so the *Schnabel* holding that Social Security benefits are properly included as projected disposable income remains valid. (Trustee's Brief at n.18). This argument fails in several respects.

Before the 2005 amendments to the Code, Section 1325(b)(2) defined "disposable income" as "*income* which is received by the debtor and which is not reasonably necessary to be expended [for maintenance or business purposes]." 11 U.S.C. 1325(b)(2) (2004) (emphasis added); *In re Schnabel*, 153 B.R. 809, 815 (Bankr. N.D. Ill. 1993). The *Schnabel* court found that section 1325 did not qualify income by any reference to its exempt status, and ultimately decided that Social Security proceeds must be included in the calculation of disposable income. *Id.* The *Schnabel* holding is no longer valid because Congress subsequently amended the definitions relied upon by the *Schnabel* court.

The Trustee's argument also falls short because Congress thoroughly amended the Code in 2005. Previously, Section 1325 defined disposable income merely as "income," minus certain expenses. 11 U.S.C. 1325(b) (2004); *Hamilton v. Lanning*, 130 S. Ct. 2462, 2467, 560 U.S. -- (2010). Now, that same subsection defines "disposable income" as "current monthly income" – that term defined by Congress as explicitly excluding Social Security proceeds – minus certain expenses. 11 U.S.C. 1325(b)(2); *Lanning*, 130 S. Ct. at 2469-70. Because the definition of "disposable income" has indeed changed since *In re Schnabel* and similar cases, those cases are no longer an accurate interpretation of the current Code. Social Security is explicitly excluded from projected disposable income by virtue of Congress' definition of "current monthly income."

Similarly, the Trustee relies upon *In re Timothy* and *In re Cranmer* as supporting her assertion that Social Security benefits must be counted in projected disposable income, and therefore must be completely allocated to the debtors' chapter 13 plan. (Trustee's Brief at n.18). Both cases, from the bankruptcy court in Utah, ignore Congress' intent to exclude Social Security benefits from the reach of creditors.

The *Cranmer* court addressed the statutory interpretation issues behind the concept of

projected disposable income post-*Lanning*, but completely ignored the Congressional mandate of §407, which excludes Social Security benefits from the operation of bankruptcy law. Indeed, ignoring §407 seems to be the only way by which the result in *Cranmer* could have been reached. *See In re Cranmer*, 433 B.R. 391 (Bankr. D. Utah 2010). *In re Timothy* also completely ignores the application of section 407, and is similarly unconvincing. *In re Timothy*, 2009 WL 1349741 (Bankr. D. Utah).

The *Lanning* court stated that the calculation of projected disposable income begins with "current monthly income." *Lanning*, 130 S. Ct. at 2475. The forward-looking approach adopted by the Supreme Court is a "[calculation of] disposable income, and in most cases, nothing more is required." *Bartelini*, 434 B.R. at 294. The forward-looking approach merely allows courts to consider changes in income or expenses that are known or virtually known at the time of confirmation. 130 S. Ct. at 2467. In the present case, the Trustee has not presented any facts supporting a claim that the debtors' financial situation has *changed*. Social Security benefits, in fact, are quite static. Instead, she simply argues that the forward-looking approach requires inclusion of Social Security benefits as projected disposable income. She has not argued how this particular case deviates from the vast majority of cases that require nothing more than an assessment of "disposable income." *See Lanning*, 130 S. Ct. at 2475, 2478. Accordingly, the debtors ask this Court to deny the Trustee's objection.

**IV. The Trustee ignores a recent, relevant decision in the Central District.**

The Bankruptcy Court for the Central District of Illinois has already ruled on this exact issue. *See In re Rentsch*, No. 09-72223 (Bankr. C.D. Ill. June 4, 2010). Judge Gorman, in that ruling, overruled an identical objection to confirmation by the Trustee. Although that decision was entered before the outcome in *Lanning*, Judge Gorman expressly adopted the "forward-looking approach" also adopted by the *Lanning* court. *Id*. at 3. *Rentsch* also correctly noted that the forward-looking approach is limited to an analysis of changes in circumstances, and that the receipt of Social Security benefits is not a change at all. *Id*. In the words of Judge Gorman, "Congress mandated that Social Security income is not to be considered in making the calculations under §1325(b)(1)." *Id*. at 3.

**V.  The debtors have filed their plan in good faith.**

The Trustee claims that the debtors' failure to allocate their entire Social Security income towards plan payments constitutes bad faith, and thereby grounds for disapproval of their plan. The debtors need not devote their Social Security benefits to the plan for the very reason that Congress chose to exclude those benefits from such consideration.  Exclusion of such benefits from plan payments does not support a finding of bad faith.  *See, e.g., In re Welsh*, 2010 Bankr. LEXIS 4095 at *36.  Moreover, the *Rentsch* court overruled the same objection by the Trustee in that case.  *In re Rentsch*, No. 09-72223, at 3-4 (*citing Matter of Smith*, 848 F.2d 813, 820-21 (7th Cir. 1988)).  Here, the Trustee argues bad faith solely because the debtors have not devoted their Social Security benefits to the plan.  Bankruptcy courts in the Central District and elsewhere have rejected this very argument, as this Court should.

For the foregoing reasons, the debtors respectfully request this Court to (1) reject the Trustee's objections to confirmation of the debtors' plan, and (2) in order to avoid repeated identical questions in the future, to positively hold that Social Security benefits are properly excluded from inclusion in "disposable income," "projected disposable income," or otherwise subject to the reach of creditors.

Respectfully submitted,

/s/ Brian D. Pondenis
Brian D. Pondenis
One of the Debtors' Attorneys

Ostling & Associates, Ltd.
201 W. Olive st.
Bloomington, IL 61701
(309) 827-3030
bpondenis@ostlinglaw.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he electronically filed the above and foregoing document with the U.S. Bankruptcy Court, Central District of Illinois, Danville Division, on January 22, 2011, and that by electronically filing the document using CM/ECF all parties of record have been served, including the Trustee, Marsha Combs-Skinner.

Dated this 22nd day of January, 2011.

/s/ Brian D. Pondenis

Brian D. Pondenis

Ostling & Associates, Ltd.
201 W. Olive st.
Bloomington, IL 61701
(309) 827-3030